## Susquehanna Pipe Line Company v. Gitlin

*Aaron S. Swartz, Jr.*, and *Louis M. Childs, 2d*, for plaintiff.

*Thomas Hallman* and *Raymond Pearlstine*, for defendant.

CORSON, J., September 4, 1936.—Defendant has filed an answer to the bill in equity, denying the right of plaintiff corporation to take any property of defendant by eminent domain. The answer sets forth new matter in the nature of a cross bill asking that plaintiff be restrained from entering upon the property of defendant.

At the hearing on plaintiff's rule for a preliminary injunction, counsel for the parties appeared and stated that the facts of the bill were agreed upon and that the question whether or not an injunction should issue depends upon the question whether or not the Act of June 2, 1883, P. L. 61, being a supplement to the General Corporation Law of April 29, 1874, P. L. 73, has been repealed insofar as it affects companies incorporated for the purpose of the transportation and storage of oil by means of pipe lines, etc.

Defendant contends that the Act of 1883 has been repealed by the Business Corporation Law of May 5, 1933, P. L. 364. If the Act of 1883 has been so repealed, admittedly plaintiff is without right to take property by eminent domain, and defendant's plea for a preliminary injunction must be sustained.

The Business Corporation Law applies to "business corporations". While the ordinary definition of a business corporation would seem to include any corporation carrying on a business, yet we must be guided in the present case by the definition in section 2 of the act, which defines a "business corporation" as: ". . . . a corporation . . . organized under this act, or heretofore organized under or by virtue of any other law of this Commonwealth, for any purpose or purposes for which a corporation may be organized under this act."

Under section 4, entitled "Scope of Act," it is provided that the act shall not relate, not affect, and not apply to any corporation which by the laws of this Commonwealth is subject to the supervision of the Public Service Commission.

Section 1202 provides that certain acts, one of which is the Act of 1883, are specifically repealed, insofar as they relate to business corporations.

The question whether or not plaintiff corporation is, by the laws of this Commonwealth, subject to the supervision of the Public Service Commission, is decided by The Public Service Company Law of July 26, 1913, P. L.

1374, as amended by the Act of May 12, 1925, P. L. 587, which provides:

"The term 'public service company', when used in this act, includes . . . pipe line corporations . . . doing business within this State".

If a pipe line corporation is a public service company, it is, of course, subject to the supervision of the Public Service Commission.

Going back to the definition of a business corporation, we find that a pipe line corporation could not be organized under the Business Corporation Law, which does not apply to or affect such companies. It follows, therefore, that the Susquehanna Pipe Line Company is not a business corporation within the definition of, or affected in any way by, the Business Corporation Law.

The repealing section, by its express terms, only repeals the Act of 1883 insofar as that act relates to business corporations. It could not, therefore, and does not, repeal any part of that act referring to pipe line corporations within the Business Corporation Law. It was the argument of counsel for defendant that, since the Act of 1883 referred only to pipe line companies it was a useless gesture for the legislature to speak of repealing it unless they intended to repeal it in toto. The chancellor is unable to agree with this contention either as a question of fact or as a conclusion of law.

From a reading of the first part of the Act of 1883, it is a grave question whether the act does not refer to kinds of corporations other than pipe line corporations. However, whether or not any other corporations are affected by the Act of 1883, we cannot construe such act as being repealed so far as pipe line corporations are concerned. If the act does not relate to business corporations, then no part of it is repealed.

It appearing that plaintiff has filed a bond to indemnify defendant against any damages which she may sustain as a result of the exercise by plaintiff of its right to take

defendant's property by eminent domain, the prayer of the bill for a preliminary injunction must be granted.

And now, September 4, 1936, plaintiff's rule for a preliminary injunction is made absolute, and a preliminary injunction, until final hearing, is directed to issue restraining Ida Gitlin, her agents, servants, and employes from interfering with the Susquehanna Pipe Line Company, its agents, servants, and employes, in the construction of a pipe line upon the right of way appropriated by plaintiff through and across the lands of defendant, as described in the bill. Defendant's petition for a preliminary injunction is refused. An exception is allowed defendant.